THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN VARGAS,<br><br>               Plaintiff,<br><br>    v.<br><br>WHATCOM COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>               Defendants. | CASE NO. C20-0921-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. No. 16), the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 27), and Plaintiff's objection to the R&R (Dkt. No. 28). Having thoroughly considered the parties' briefing, the R&R, and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objection, ADOPTS the R&R, and GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff alleges that Whatcom County K9 Deputy Stanley Streubel, consistent with the Whatcom County Sheriff's Office use-of-force policy, custom, or practice, ordered his police K9, Jag, to unlawfully apprehend Plaintiff after Plaintiff fled and then hid from law enforcement. (Dkt. No. 1-1 at 5, 8–14.) In addition to claims that Plaintiff conceded in his summary judgment briefing, Plaintiff brought tort-based claims and a claim pursuant to 42 U.S.C. § 1983 for alleged

Fourth Amendment violations. (Dkt. No. 1-1; *see* Dkt. No. 27 at 8.) The factual background of the case is discussed in depth in the R&R (Dkt. No. 27 at 2–6) and the Court will not repeat those facts here, as they are undisputed.

## II.   DISCUSSION

### A.   Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

This Court reviews *de novo* those portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). An objection is required to enable the district judge to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Accordingly, *de novo* review is not required for legal conclusions in an R&R to which a party fails to object. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003).

### B.   Excessive Use of Force

In determining whether a use of force violates a suspect's Fourth Amendment rights, the core inquiry is whether the force applied is reasonable under the circumstances. *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Plaintiff limits his objection to Judge Theiler's assessment of this issue. (*See generally* Dkt. No.

28.) Specifically, Plaintiff argues that Judge Theiler inappropriately focused on the *severity of Plaintiff's injury* inflicted by the K9, rather than the *level of force* applied. (Dkt. No. 28 at 1–6.)

Plaintiff's objection fails to address that even if the force applied by the K9 was severe, according to the Ninth Circuit, that level of force would be reasonable based on the undisputed circumstances here. *See, e.g.*, *Lowry v. City of San Diego*, 858 F.3d 1248, 1257 (9th Cir. 2017) (similar use of a K9 was reasonable in less compelling circumstances); *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (prolonged K9 bite lasting up to 45 seconds that resulted in "shredded" muscles and a "torn" artery was reasonable in circumstances comparable to the instant matter).

Plaintiff does not dispute that he jumped out of a window to avoid arrest on a felony warrant. (Dkt. No. 27 at 12.) Nor is it disputed that, at the time of his flight, he was a suspect in an ongoing burglary investigation where a witness reported seeing a handgun, which police had yet to recover. (*Id.*) For Judge Theiler's level-of-force assessment to be at issue, the undisputed circumstances surrounding Plaintiff's flight would need be different or they would need be in dispute. *See Chew v. Gates*, 27 F.3d 1432 (9th Cir. 1994) (reasonableness of police dog bite was a material disputed fact where K9 dragged the plaintiff up to ten feet and "nearly severed" his arm following plaintiff's flight from a traffic stop because "a rational jury could easily find that [the plaintiff] posed no *immediate* safety threat to anyone") (emphasis in original). Because the circumstances associated with Plaintiff's flight are not disputed, Plaintiff's objection fails to show error by Judge Theiler.

**III.    CONCLUSION**

For the foregoing reasons, the Court does hereby find and ORDER:

(1) The Court OVERRULES Plaintiff's objections (Dkt. No. 28) and ADOPTS the R&R (Dkt. No. 27);

(2) Defendants' motion for summary judgment (Dkt. No. 16) is GRANTED;

(3) Plaintiff's complaint is DISMISSED with prejudice; and

(4) The Clerk is directed to send copies of this Order to counsel and to the Honorable Mary Alice Theiler.

DATED this 16th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE